AO 241 (Rev. 09/17)

OUTGOING LEGAL MAIL
PROVIDED TO TAYLOR C.I. FOR
MAILING ON

6/5/23, ca T.m

DATE (MAILROOM-ANNEX) OFFICER INT.

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| UNITED STATES DISTRICT COURT | District: **MIDDLE** 5:23-cv-356-PGB-PRL |
|---|---|

| Name (under which you were convicted):TIMOTHY RESHAD MUNNERLYN | Docket or Case No.: **TBD** |
|---|---|

| Place of Confinement:**TAYLOR CORRECTIONAL INSTITUTION, 8501 HAMPTON SPRINGS ROAD, PERRY, FLORIDA 32348-8747** | Prisoner No.: 134211 |
|---|---|

| Petitioner (include the name under which you were convicted) | Respondent (authorized person having custody of Petitioner) |
|---|---|
| **TIMOTHY RESHAD MUNNERLYN**              v. | **RICKY D. DIXON, SEC'Y, FLA. DEP'T OF CORRECTIONS** |

| The Attorney General of the State of Florida: **FLORIDA** |
|---|

FILED 23 JUN -8 AM 10:41

## PETITION

1.    (a) Name and location of court that entered the judgment of conviction you are challenging:

In the Circuit Court of the Fifth Judicial Circuit, in and for Citrus County, Florida.

_____

_____

(b) Criminal docket or case number (if you know):    2019-CF-0533-A

2.    (a) Date of judgment of conviction (if you know):    January 22, 2020

(b) Date of sentencing:    January 22, 2020

3.    Length of sentence:    Ten (10) years

4.    In this case, were you convicted on more than one count or of more than one crime?    ☒ Yes    ☐ No

5.    Identify all crimes you were convicted and sentenced in this case:_____

Trafficking in Methamphetamine, Possession of Heroin, Possession of Cocaine.

_____

_____

_____

_____

_____

6.    (a) What was your plea? (Check one)

☒ (1)    Not Guilty        ☐ (3)    Nolo contendere (no contest)

☐ (2)    Guilty        ☐ (4)    Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?  N/A

(c) If you went to trial, what kind of trial did you have? (Check one)

☒ Jury    ☐ Judge only    N/A

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes    ☒ No

8.    Did you appeal from the judgment of conviction?

☒ Yes    ☐ No

9.    If you did appeal, answer the following:

(a) Name of court: Fifth District Court of Appeal.

(b) Docket or case number (if you know): 5D20-0260

(c) Result: Per Curiam Affirmed

(d) Date of result (if you know): October 23, 2020/Mandate: November 19, 2020.

(e) Citation to the case (if you know): Munnerlyn v. State, 303 So.3d 1288 (Fla. 5th DCA 2020)

(f) Grounds raised: The State failed to establish a *prima facie* case proving beyond a reasonable doubt that Mr. Munnerlyn was in constructive possession of Methamphetamines and Heroin.

(g) Did you seek further review by a higher state court?    ☐ Yes    ☒ No

If yes, answer the following:

(1) Name of Court:  N/A

(2) Docket or case number (if you know):  N/A

(3) Result:  N/A

AO 241 (Rev. 09/17)

(4) Date of result (if you know):  N/A

(5) Citation to the case (if you know):  N/A

(6) Grounds raised:  N/A

(h) Did you file a petition for certiorari in the United States Supreme Court?     ☐ Yes     ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):  N/A

(2) Result:  N/A

(3) Date of filing (if you know):  N/A

(4) Citation to the case (if you know):  N/A

10.     Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

concerning this judgment of conviction in any state court?     ☒ Yes     ☐ No

11.     If your answer to Question 10 was "yes," give the following information:

(a)     (1) Name of court:  In the Circuit Court of the Fifth Judicial Circuit, Citrus County

(2) Docket or case number (if you know):  2019-CF-0533

(3) Date of filing (if you know):  June 14, 2021

(4) Nature of the proceeding:  Motion for Postconviction Relief, 3.850

(5) Grounds raised:   Ground 1: Ineffective Assistance of Counsel- where counsel failed to adequately argue

a motion for judgment of acquittal; Ground 2: Ineffective Assistance of Counsel- where counsel failed to file

a motion for a new trial

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐Yes     ☒ No

(7) Result:  Denied

AO 241 (Rev. 09/17)

(8) Date of result (if you know):   January 14, 2022

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐  Yes        ☐  No

(7) Result: _____

(8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised:_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

   (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

      □  Yes    □  No   N/A

   (7) Result: <u>N/A</u>

   (8) Date of result (if you know):  <u>N/A</u>

  (d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

     (1)  First petition:    ☒  Yes    □  No

     (2)  Second petition:   □   Yes    □  No

     (3)  Third petition:     □   Yes    □  No

  (e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

<u>N/A</u>

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

    **CAUTION: To proceed in federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** <u>The state failed to establish a *prima facie* case proving beyond a reasonable doubt that Mr. Munnerlyn was in Constructive Possession of Methamphetamines and Heroin.</u>

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that your claim.):

<u>Narcotics were found on the ground outside of a vehicle where the Petitioner was a passenger and the confidential informant was the driver. None of the evidence presented in trial indicated that the Petitioner was able to exercise dominion and/or control over the narcotics and the conviction was based solely on proximity. This conviction violates §2254(d)(1)(2).</u>

(b) If you did not exhaust your state remedies on Ground One, explain why: <u>N/A</u>

AO 241 (Rev. 09/17)

(c) **Direct appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☒ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: <u>N/A</u>

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    <u>Motion for Postconviction Relief, 3.850</u>

Name and location of the court where the motion or petition was filed:    <u>In the Circuit Court of the Fifth Judicial</u>

<u>Circuit, Citrus County.</u>

Docket or case number (if you know):    <u>2019-CF-0533</u>

Date of the court's decision:    <u>January 14, 2022.</u>

Result (attach a copy of the court's opinion or order, if available):    <u>Denied</u>

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☒ No

(4) Did you appeal from the denial of your motion or petition?    ☒ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☒ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:    <u>Fifth District Court of Appeal.</u>

Docket or case number (if you know):    <u>5D22-264</u>

Date of the court's decision:    <u>May 31, 2022</u>

Result (attach a copy of the court's opinion or order, if available):    <u>*per curiam* Affirmed.</u>

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

<u>N/A</u>

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: N/A

**GROUND TWO:** Ineffective Assistance of Counsel- failure to adequately argue a motion for judgment of acquittal.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Trial counsel's motion for judgment of acquittal did not elucidate or attack the fact that the Petitioner's alleged possession was never supported by any specific evidence and that was the feature of his closing argument. Because a motion for judgment of acquittal is predicated on sufficiency of the evidence, the failure to argue specifics regarding, the elements, or lack thereof, is ineffective assistance. This conviction violates §2254(d)(1)(2).

(b) If you did not exhaust your state remedies on Ground Two, explain why: N/A

(c)    **Direct appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☒ Yes    ☐ No  N/A

(2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
☒    Yes    ☐ No  N/A

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:  Motion for Postconviction Relief, 3.850.

Name and location of the court where the motion or petition was filed: In the Circuit Court of the Fifth Judicial Circuit, Citrus County.

Docket or case number (if you know): 2019-CF-0533

Date of the court's decision: <u>January 14, 2022.</u>

Result (attach a copy of the court's opinion or order, if available): <u>Denied.</u>

(3) Did you receive a hearing on your motion or petition?   □ Yes   ☒ No N/A

(4) Did you appeal from the denial of your motion or petition?   ☒ Yes   □ No N/A

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☒ Yes   □ No N/A

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: <u>Fifth District Court of Appeal</u>

Docket or case number (if you know): <u>5D22-264</u>

Date of the court's decision: <u>May 31, 2022</u>

Result (attach a copy of the court's opinion or order, if available): <u>*Per Curiam* Affirmed</u>

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:
<u>N/A</u>

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: <u>N/A</u>

**GROUND THREE:**   <u>Ineffective Assistance of Counsel- failure to file a motion for new trial.</u>

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

<u>The trial judge has the exclusive authority to review the weight of the evidence, and the only avenue for judicial review of the weight of the evidence is by motion for new trial at the trial court level. Where the evidence of guilt is tenuous, trial counsel has an obligation to file a motion for new trial. *See, Lamb v. State,* 124 So.3d 953 (Fla. 2nd DCA 2013). This conviction violates §2254(d)(1)(2).</u>

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why:   N/A

_____

_____

_____

(c)    **Direct appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        □  Yes        ☒    No

(2) If you did not raise this issue in your direct appeal, explain why:  N/A

_____

_____

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒    Yes        □  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Motion for Postconviction Relief, 3.850.

Name and location of the court where the motion or petition was filed:   In the Circuit Court of the Fifth Judicial

Circuit, Citrus County.

Docket or case number (if you know): 2019-CF-0533

Date of the court's decision:    January 14, 2022

Result (attach a copy of the court's opinion or order, if available): Denied

_____

_____

(3) Did you receive a hearing on your motion or petition?                    □   Yes        ☒  No  N/A

(4) Did you appeal from the denial of your motion or petition?               ☒   Yes        □  No  N/A

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?      □   Yes        □  No  N/A

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Fifth District Court of Appeal.

_____

Docket or case number (if you know):  5D22-264

Date of the court's decision:  May 31, 2022

Result (attach a copy of the court's opinion or order, if available):  Per Curiam Affirmed

_____

_____

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:  N/A

**GROUND FOUR:** N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

N/A

(b) If you did not exhaust your state remedies on Ground Four, explain why:  N/A

(c)     **Direct appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes     ☐ No  N/A

(2) If you did not raise this issue in your direct appeal, explain why:  N/A

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

    ☐ Yes     ☐ No  N/A

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: N/A

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed:  N/A

Docket or case number (if you know):  N/A

Date of the court's decision:  N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion or petition?                                    ☐ Yes        ☐ No  N/A

(4) Did you appeal from the denial of your motion or petition?                          ☐ Yes        ☐ No  N/A

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes        ☐ No  N/A

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know):  N/A

Date of the court's decision:  N/A

Result (attach a copy of the court's opinion or order, if available):  N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four:

N/A

AO 241 (Rev. 09/17)

13.  Please answer these additional questions about the petition you are filing:

    (a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?   ☒ Yes   ☐ No

        If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:  N/A

    (b)    Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state the reasons for not presenting them:

        N/A

14.  Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   ☐ Yes   ☒ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.  N/A

15.  Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   ☒ Yes   ☐ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.  The Fifth District Court of Appeal/5D22-3032/Appeal of the denial of a successive 3.850 alleging ineffective assistance for failure to challenge a 4th Amendment search and seizure that was allegedly unconstitutional. *See, Wong Sun v. United States,* 371 U.S. 471 (1963).

AO 241 (Rev. 09/17)

16.     Give the name and address, if you know, of each attorney who represented you in the following stages of the
        judgment you are challenging:

        (a) At preliminary hearing: DKN

        (b) At arraignment and plea: DKN

        (c) At trial: J. Melanie Slaughter, ESQ., 2337 E. Silver Springs Blvd., Ocala, Florida 34470

        (d) At sentencing: J. Melanie Slaughter, ESQ., 2337 E. Silver Springs Blvd., Ocala, Florida 34470.

        (e) On appeal: Phillip Arroyo., ESQ., APD., 444 Seabreeze Blvd., Suite 210., Daytona, Florida.

        (f) In any post-conviction proceeding: Phillip Arroyo., ESQ., APD., 444 Seabreeze Blvd., Suite 210., Daytona,
        Florida.

        (g) On appeal from any ruling against you in a post-conviction proceeding: Phillip Arroyo., ESQ., APD., 444
        Seabreeze Blvd., Suite 210., Daytona, Florida.

17.     Do you have any future sentence to serve after you complete the sentence for the judgment that you are
        challenging?          ☐ Yes      ☒ No
        (a) If so, give the name and location of the court that imposed the other sentence you will serve in the future:
        N/A

        (b) Give the date the other sentence was imposed:  N/A

        (c) Give the length of the other sentence:  N/A

        (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the
        future?          ☐ Yes      ☒ No

18.     TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain
        why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*
        The instant petition is timely filed in accordance with §2254.

AO 241 (Rev. 09/17)

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

---

\*The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

        (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

AO 241 (Rev. 09/17)

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the court grant the following relief:    Reverse and remand with instructions to provide the

petitioner with a new trial.

or any other relief to which petitioner may be entitled.

_____
N/A
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _6/5/23_ (month, date, year).

Executed (signed) on _6/5/23_ (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship and explain why petitioner is not signing this petition.

N/A